JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:22-CV-2000-DOC-DFMx | Date: September 7, 2023 |

Title: SEAN PATRICK PATTERSON V. TAM VU et al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [72] AND DENYING PLAINTIFF'S MOTION FOR SANCATIONS [78]

Before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"). ("Motion" or "MTD") (Dkt. 72). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. For the reasons set forth below, the Court GRANTS Defendants' Motion.

### I. Background

#### A. Facts

This is an action seeking relief for Defendant's failure to make reasonable modifications to its policies under the Americans with Disabilities Act ("ADA"), blackmail, false arrest, retaliatory eviction, negligence and unreasonable seizure of Mafia Monthly's Property. First Amended Complaint ("FAC") (Dkt. 69). The FAC is filed in Mafia Monthly's name, *see* FAC, whereas the original complaint was filed by Sean Patrick Patterson. *See* Complaint ("Compl."). Mafia Monthly is a sole proprietorship

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-CV-2000-DOC-DFMx             Date: September 7, 2023

Page 2

owned and directed by Patterson.[1] Opposition to Motion to Dismiss (Dkt. 74) at 3. Mafia's Monthly's purpose is to answer questions of federal law, including whether Defendants violated federal law.

The suit arises out of a lease agreement between Defendant Irvine Company, at which Defendant Tam Vu is an employee,[2] and Patterson. Ex. C to Plaintiff's Motion Summary Adjudication (Dkt. 46). Plaintiff did not request and did not receive an accommodation of extra time to review and sign the contract. *Id.* The contract included a financial obligation page according to which Plaintiff was forced to pay $400. *Id.* Plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH"), which rejected the complaint and reached a final decision upon appeal. Compl. At 3; Ex. C.

### B.     Procedural History

On June 23, 2023, the Court dismissed Plaintiff's complaint. Order Granting Motion to Dismiss ("First Order") (Dkt. 65). One month later, Plaintiff filed the FAC. On August 3, 2023, Defendants moved to dismiss Plaintiff's FAC under Rules 12(b)(1) and 12(b)(6). Plaintiff opposed the motion on August 14, 2023. Opposition to Motion to Dismiss (Dkt. 74). Plaintiff also moved for sanctions on August 20, 2023. Motion for Sanctions (Dkt. 78).

## II.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S.

---

[1] The Complaint lists only Mafia Monthly as the Plaintiff, and Sean Patterson was terminated from this action. However, based on several filings, it is clear Patterson still wishes to be a plaintiff in this action. Applying the Ninth Circuit's rule that pro se litigants' filings are to be construed liberally, the Court considers Patterson a Plaintiff in this action. In this order "Plaintiff" refers to both Patterson and Mafia Monthly.

[2] As used in this Order, "Defendants" refers to both Irvine Company and Vu.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-CV-2000-DOC-DFMx                                      Date: September 7, 2023

Page 3

at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

### III.   Discussion

For the reasons set forth below, the Court grants Defendant's motion to dismiss federal claims, and the Court declines supplemental jurisdiction over the remaining state law claims.

### A. Plaintiff's First Federal Claim: The ADA

Title III of the ADA prevents discrimination against disabled people in places of public accommodation: "No individual shall be discriminated against on the basis of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:22-CV-2000-DOC-DFMx | Date: September 7, 2023 |

Page 4

disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation." 42 U.S.C. § 12182(a). "Discrimination" under the ADA encompasses the denial of the opportunity to participate in programs or services, and providing the disabled with separate, but unequal, goods or services. *See* 42 U.S.C. § 12182(b)(1)(A)(i-iii). To ensure that people with disabilities have full and equal enjoyment of the goods and services of places of public accommodation, the ADA requires "reasonable modification" of "policies, practices, and procedures" to accommodate those with disabilities. 42 U.S.C. § 12182(b)(2)(A)(ii-iv). For a defendant to be liable for not making a reasonable modification, a plaintiff must request a modification. *See Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004).

Here, Plaintiff cannot state a claim under Title III of the ADA because he did not request a modification to Defendant's policies regarding how long he had to review the lease agreement. Compl. At 3; Ex. C. Because Plaintiff cannot cure this deficiency by amendment, Plaintiff's ADA claim is DISMISSED WITH PREJUDICE.

### B. Plaintiff's Claim for Unreasonable Seizure of Mafia Monthly's Property

Plaintiff also asserts that Defendants unreasonably seized Mafia Monthly's property in violation of the Fourth Amendment.[3] In the Court's first order dismissing Plaintiff's Section 1983 claims, the Court instructed Plaintiff to plead additional facts indicating how Defendants conspired with California's Department of Fair Employment and Housing ("DFEH") if he wished to bring claims under Section 1983. First Order at 4. Plaintiff's FAC contains no facts plausibly alleging that Defendants conspired with

---

[3] Though Plaintiff's complaint does not so specify, the Court assumes that Plaintiff is alleging a violation of his Fourth Amendment rights under 42 U.S.C. § 1983.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-CV-2000-DOC-DFMx						Date: September 7, 2023

Page 5

DFEH. Because the Court already gave Plaintiff one opportunity to re-plead his Section 1983 claim, the Court concludes that further amendment of this claim would be futile.

Accordingly, Plaintiff's claim for unreasonable seizure of Mafia Monthly's property is DISMISSED WITH PREJUDICE.

### C. Plaintiff's Other Claims

Plaintiff's causes of action for blackmail, false arrest, retaliatory eviction, and negligence are all claims arising under California state law. *Fuhrman v. Cal. Satellite Sys., Inc.*, 179 Cal.App.3d 408, 426 (1986) (blackmail or "civil extortion"); *Tekle v. United States*, 511 F.3d 839, 854 (9th Cir. 2007) (false arrest); *Barela v. Sup. Court*, 30 Cal.3d 244, 251 (1981) (retaliatory eviction); *Peredia v. HR Mobile Servs., Inc.*, 25 Cal.App.5th 680, 687 (2018) (negligence).

Before the Court can reach Defendant's arguments regarding the sufficiency of Plaintiff's state law claims, the Court must determine if it has subject matter jurisdiction absent the Plaintiff's two federal causes of action. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("'Without jurisdiction the court cannot proceed at all in any cause'; it may not assume jurisdiction for the purpose of deciding the merits of the case.") (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998)); *Potter v. Hughes*, 546 F.3d 1051, 1061 (9th Cir. 2008) ("[F]ederal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues*."); Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 807 (9th Cir. 2001) ("[A] court lacking jurisdiction to hear a case may not reach the merits even if acting in the interest of justice.") (quotation and citation omitted)). At early stages of the proceedings, a state law claim is often dismissed unless accompanied by at least one viable federal claim. *Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) ("[I]f the federal claim [is] dismissed for lack of subject matter jurisdiction, a district court has no discretion to retain the supplemental claims for adjudication." (alterations in original)). *Seealso Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (holding that "[w]hen the balance of . . . factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice"); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-CV-2000-DOC-DFMx					Date: September 7, 2023

Page 6

under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.") (citing *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7)). When a court dismisses "all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction over a claim . . ." 28 U.S.C. § 1367(c)(3)

Because the Court dismisses Plaintiff's two federal causes of action, it lacks jurisdiction to consider Plaintiff's state law claims. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); *Harrell v. 20th Century Insurance Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("[I]t is generally preferable for a district court to remand remaining pendent claims to state court"); *Barefield v. HSBC Holdings PLC*, 356 F. Supp. 3d 977, 981–82 (E.D. Cal. 2018) ("Federal-question jurisdiction based on now-dismissed claims alone would not be enough for this Court to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim."); *Anderson v. Countrywide Financial*, No. 2:08-cv-01220-GEB-GGH, 2009 WL 3368444, *6 (E.D. Cal. Oct. 16, 2009) ("Since state courts have the primary responsibility to develop and apply state law . . . Plaintiff's state claims are dismissed under 28 U.S.C. § 1367(c)(3).").

Accordingly, Plaintiff's remaining state law claims are DISMISSED without prejudice to refiling in state court.

### D. Plaintiff's Motion for Sanctions

Because the Court has dismissed Plaintiff's claims, Plaintiff's motion for sanctions is denied as improper at this time.

## IV. Disposition

For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Dismiss. In particular, Plaintiff's ADA and Fourth Amendment claims are **DISMISSED WITH PREJUDICE.** Plaintiff's remaining state law claims are **DISMISSED WITHOUT PREJUDICE** subject to refiling in state court.

Plaintiff's Motion for Sanctions is **DENIED**.

The hearing scheduled for September 11, 2023, is **VACATED**.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-CV-2000-DOC-DFMx                                  Date: September 7, 2023

                                                                                        Page 7

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                          Initials of Deputy Clerk: kdu

CIVIL-GEN