Name: Sean Patrick Patterson
Address: PO BOX 2006
Cypress, CA 90630
Phone: 888-381-1116
Fax:

In Pro Per

FILED
CLERK, U.S. DISTRICT COURT
SEP 1 2 2023
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Mafia Monthly et al.

Plaintiff

v.

Irvine Company et al.

Defendant(s).

CASE NUMBER:
8:22-CV-02000-DOC(DFMx)

MOTION
FOR
RECONSIDERATION

(Enter document title in the space provided above)

The Purpose of this Lawsuit is to Resolve why the Plaintiff request for Special Accommodation was NEGLECTED; Plaintiffs first question to the Defendants is "Who did James Cortes talk to, to verify the ADA information?";

Federal Subject Matter Jurisdiction is justified by Dkt. 85, Pg. 2 Definition of "Plaintiff", " the Court considers Patterson a Plaintiff in this action. In this order "Plaintiff" refers to both Patterson and Mafia Monthly."

Intentions of Pro Se Plaintiff was to amend the Clerical

1. Omission & the Plaintiff(s) Party, further Federal jurisdiction remains
2. as the Plaintiff(s) Declare under Penalty of Perjury that the Plaintiff
3. has Schizophrenia & was not Granted special Accommodation
4. by the Irvine Company et al.;
5. 
6. Response to Motion for Reconsideration (EDS-230707-000-8273)
7. & Section 1983 received a "un-filed" or "unspoken" request for an
8. Amended Complaint, thus a Notice & Complaint was filed with
9. Respect to 1983; However the apparent legal omission because of an
10. EDS omission does not warrant a dismissal of a Lost Property claim;
11. 
12. Plaintiff ADA claims and subsequent Fourth Amendment
13. claim have Federal Subject Matter Jurisdiction, that is justified by
14. Dkt. 2's SSDI Admission, Dkt. 85. Pg.2, Definition of "Plaintiff", the
15. attached Prosecutors Declaration, & SSDI Letter;

9/08/23

Verbatim & ~. Response

SEAN PATRICK PATTERSON V. TAM VU et al.
THE HONORABLE DAVID O. CARTER, JUDGE
JS6

Before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"). ("Motion" or "MTD") (Dkt. 72). The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. R. 7- 15. For the reasons set forth below, the Court GRANTS Defendants' Motion.

I. Background

A. Facts

This is an action seeking relief for Defendant's failure to make reasonable modifications to its policies under the Americans with Disabilities Act ("ADA"), blackmail, false arrest, retaliatory eviction, negligence and unreasonable seizure of Mafia Monthly's Property. First Amended Complaint ("FAC") (Dkt. 69). The FAC is filed in Mafia Monthly's name, see FAC, whereas the original complaint was filed by Sean Patrick Patterson. See Complaint ("Compl."). Mafia Monthly is a sole proprietorship owned and directed by Patterson.1 Opposition to Motion to Dismiss (Dkt. 74) at 3. Mafia's Monthly's purpose is to answer questions of federal law, including whether Defendants violated federal law.

~. Title of the Complaint SEAN PATRICK PATTERSON V. TAM VU et al. & the Title of the FAC "Mafia Monthly et al. vs. Irvine Company et al." references the Sole Proprietor on the Docket and in the Prosecutors Declaration;

The suit arises out of a lease agreement between Defendant Irvine Company, at which Defendant Tam Vu is an employee, 2 and Patterson. Ex. C to Plaintiff's Motion Summary Adjudication (Dkt. 46). Plaintiff did not request and did not receive an accommodation of extra time to review and sign the contract. Id. The contract included a financial obligation page according to which Plaintiff was forced to pay $400. Id. Plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH"), which rejected the complaint and reached a final decision upon appeal. Compl. At 3; Ex. C.;

~. The Purpose of this Lawsuit is to Resolve why the Plaintiffs request for Special Accommodation was not addressed;

B. Procedural History

On June 23, 2023, the Court dismissed Plaintiff's complaint. Order Granting Motion to Dismiss ("First Order") (Dkt. 65). One month later, Plaintiff filed the FAC. On August 3, 2023, Defendants moved to dismiss Plaintiff's FAC under Rules 12(b)(1) and 12(b)(6). Plaintiff opposed the motion on August 14, 2023. Opposition to Motion to Dismiss (Dkt. 74). Plaintiff also moved for sanctions on August 20, 2023. Motion for Sanctions (Dkt. 78).

II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S.

1 The Complaint lists only Mafia Monthly as the Plaintiff, and Sean Patterson was terminated from this action. However, based on several filings, it is clear Patterson still wishes to be a plaintiff in this action. Applying the Ninth Circuit's rule that pro se litigants' filings are to be construed liberally, the Court considers Patterson a Plaintiff in this action. In this order "Plaintiff" refers to both Patterson and Mafia Monthly.
2 As used in this Order, "Defendants" refers to both Irvine Company and Vu.

~. Statement clearly Grants excusable neglect of the clerical omission of Plaintiffs Party; Mandatory joiner is Sean Patrick Patterson;

at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. See Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008).

~. The light most favorable accepts the federal Complaint for the Sole Proprietor of the Mafia Monthly;

A court is not required to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678. In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. Van Buskirk v. Cable News

Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

~. The Authority of the Social Security Administration confirms Americans with Disability Acts (ADA) requirements for Federal Subject Jurisdiction;

~. "Mafia Monthly" Email address is sp.Patterson@gmail.com, as mentioned in all Emails to the Court, Defendants, & their Attorneys, which is clearly visible as Party;

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. See, e.g., DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

~. Intentions of Pro Se Plaintiff was to amend the Clerical Omission & the Plaintiff(s) Party, further Plaintiff(s) Declare under Penalty of Perjury that the Plaintiff has Schizophrenia & was not Granted special Accommodation by the Irvine Company et al.;

III. Discussion

For the reasons set forth below, the Court grants Defendant's motion to dismiss federal claims, and the Court declines supplemental jurisdiction over the remaining state law claims.

A. Plaintiff's First Federal Claim: The ADA
Title III of the ADA prevents discrimination against disabled people in places of public accommodation: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation." 42 U.S.C. § 12182(a). "Discrimination" under the ADA encompasses the denial of the opportunity to participate in programs or services, and providing the disabled with separate, but unequal, goods or services. See 42

U.S.C. § 12182(b)(1)(A)(i-iii). To ensure that people with disabilities have full and equal enjoyment of the goods and services of places of public accommodation, the ADA requires "reasonable modification" of "policies, practices, and procedures" to accommodate those with disabilities. 42 U.S.C. § 12182(b)(2)(A)(ii-iv). For a defendant to be liable for not making a reasonable modification, a plaintiff must request a modification. See Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1082 (9th Cir. 2004).;

~. The Purpose of this Lawsuit is to Resolve why the Plaintiffs request for Special Accommodation was not addressed; Request was made to "Cummings" in a telephone conversation about the One time Payment;

Here, Plaintiff cannot state a claim under Title III of the ADA because he did not request a modification to Defendant's policies regarding how long he had to review the lease agreement. Compl. At 3; Ex. C. Because Plaintiff cannot cure this deficiency by amendment, Plaintiff's ADA claim is DISMISSED WITH PREJUDICE.

~. Plaintiff request for Special Accommodation was NEGLECTED; Discoverys first question to the Defendants is Who did James Cortes talk to verify the ADA information;

B. Plaintiff's Claim for Unreasonable Seizure of Mafia Monthly's Property

Plaintiff also asserts that Defendants unreasonably seized Mafia Monthly's property in violation of the Fourth Amendment.

~. Retaliatory Eviction resulted in Lost Property;

3 In the Court's first order dismissing Plaintiff's Section 1983 claims, the Court instructed Plaintiff to plead additional facts indicating how Defendants conspired with California's Department of Fair Employment and Housing ("DFEH") if he wished to bring claims under Section 1983. First Order at 4. Plaintiff's FAC contains no facts plausibly alleging that Defendants conspired with

3 Though Plaintiff's complaint does not so specify, the Court assumes that Plaintiff is alleging a violation of his Fourth Amendment rights under 42 U.S.C. § 1983.

~. The Plaintiff filed Dkt. 66; with a Verbatim & ~. Response detailing Conspiracy, that was filed together with a Motion to Reconsider under the Prosecutors Declaration of Penalty of Perjury; Dkt. 66 Ln 18-24 details the use of a negligence Conspiracy in § 1983;

DFEH. Because the Court already gave Plaintiff one opportunity to re-plead his Section 1983 claim, the Court concludes that further amendment of this claim would be futile.
Accordingly, Plaintiff's claim for unreasonable seizure of Mafia Monthly's property is DISMISSED WITH PREJUDICE.

~. Response to Motion for Reconsideration ( EDS-230707-000-8273 ) & Section 1983 received a "unwritten" or "unspoken" request for an Amended Complaint, thus a Notice & Complaint was filed with Respect to 1983; However the apparent legal omission because of an EDS omission does not warrant a dismissal of a Lost Property claim;

C. Plaintiff's Other Claims

Plaintiff's causes of action for blackmail, false arrest, retaliatory eviction, and negligence are all claims arising under California state law. Fuhrman v. Cal. Satellite Sys., Inc., 179 Cal.App.3d 408, 426 (1986) (blackmail or "civil extortion"); Tekle v. United States, 511 F.3d 839, 854 (9th Cir. 2007) (false arrest); Barela v. Sup. Court, 30 Cal.3d 244, 251 (1981) (retaliatory eviction); Peredia v. HR Mobile Servs., Inc., 25 Cal.App.5th 680, 687 (2018) (negligence).
Before the Court can reach Defendant's arguments regarding the sufficiency of Plaintiff's state law claims, the Court must determine if it has subject matter jurisdiction absent the Plaintiff's two federal causes of action. See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007) ("'Without jurisdiction the court cannot proceed at all in any cause'; it may not assume jurisdiction for the purpose of deciding the merits of the case.") (quoting Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 94 (1998)); Potter v. Hughes, 546 F.3d 1051, 1061 (9th Cir. 2008) ("[F]ederal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues."); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 807 (9th Cir. 2001) ("[A] court lacking jurisdiction to hear a case may not reach the merits even if acting in the interest of justice.") (quotation and citation omitted)). At early stages of the proceedings, a state law claim is often dismissed unless accompanied by at least one viable federal claim. Herman Family Revocable Tr. v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001) ("[I]f the federal claim [is] dismissed for lack of subject matter jurisdiction, a district court has no discretion to retain the supplemental claims for adjudication." (alterations in original)). See also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (holding that "[w]hen the balance of . . . factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice"); Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.") (citing Carnegie-Mellon Univ., 484 U.S. at 350 n.7)). When a court dismisses "all claims over which it

has original jurisdiction," it "may decline to exercise supplemental jurisdiction over a claim . . ." 28 U.S.C. § 1367(c)(3)

~. Federal Subject Matter Jurisdiction is justified by Dkt. 85. Pg.2, Definition of "Plaintiff", " the Court considers Patterson a Plaintiff in this action. In this order "Plaintiff" refers to both Patterson and Mafia Monthly."

Because the Court dismisses Plaintiff's two federal causes of action, it lacks jurisdiction to consider Plaintiff's state law claims. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); Harrell v. 20th Century Insurance Co., 934 F.2d 203, 205 (9th Cir. 1991) ("[I]t is generally preferable for a district court to remand remaining pendent claims to state court"); Barefield v. HSBC Holdings PLC, 356 F. Supp. 3d 977, 981–82 (E.D. Cal. 2018) ("Federal-question jurisdiction based on now- dismissed claims alone would not be enough for this Court to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim."); Anderson v. Countrywide Financial, No. 2:08-cv-01220-GEB-GGH, 2009 WL 3368444, *6 (E.D. Cal. Oct. 16, 2009) ("Since state courts have the primary responsibility to develop and apply state law . . . Plaintiff's state claims are dismissed under 28 U.S.C. § 1367(c)(3)."). Accordingly, Plaintiff's remaining state law claims are DISMISSED without prejudice to refiling in state court.

~. Federal jurisdiction remains as the Plaintiff(s) are recognized by the Court in (Dkt. 85, Pg.2) & the ADA requirements are verified thru (Dkt. 2) admission of Social Security Disability Insurance (SSDI), attached Declaration & SSDI form;

D. Plaintiff's Motion for Sanctions

Because the Court has dismissed Plaintiff's claims, Plaintiff's motion for sanctions is denied as improper at this time.

~. Misconduct & Negligence is being displayed by the Defendants;

IV. Disposition

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss. In particular, Plaintiff's ADA and Fourth Amendment claims are DISMISSED WITH PREJUDICE.

~. Plaintiff ADA claims and subsequent Fourth Amendment claim IS verifiable; by Docket filings on Dkt.2, Case 8:21-cv-0810-DOC(DFMx) and the attached Social Security Disability Insurance and Declaration;

Plaintiff's remaining state law claims are DISMISSED WITHOUT PREJUDICE subject to refiling in state court.
Plaintiff's Motion for Sanctions is DENIED.
The hearing scheduled for September 11, 2023, is VACATED.

~. All Claims have Federal Subject Matter Jurisdiction, that is justified by Dkt. 85. Pg.2, Definition of "Plaintiff", Prosecutors Declaration, & SSDI;



09/08/23

From: +12136671251@tmomail.net
Date: Sep 9, 2023 at 3:15:58 PM
To: sp.patterson@gmail.com

Hello Sean, This is a friendly reminder that you have an upcoming telepsych appointment on Tuesday, 9/12/2023 at 2:15pm, Ms Jada Alston at PPC - Cowan. **If you and your provider have agreed upon a different form of media (Video Call) please make sure to log into that media platform at your set time.** Please call the office at (949) 722-7118 if you need to update your number for the appointment or need to cancel (we require a 24 hour notice). Due to updated policies, all patients will be required to complete our 2023 NPP: https://forms.myupdox.com/#/form/120276 - Progeny Psychiatric Clinic To Confirm, reply Y or Yes. To stop receiving these messages, reply STOP. Msg&Data rates may apply.

T··Mobile·

This message was sent to you by a T-Mobile wireless phone.

## Prosecutors Declaration

I Sean Patrick Patterson declare, under penalty of perjury that the foregoing is true and correct;

I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The evidence set out in the foregoing Declaration is based on my personal knowledge.

I am a Pro Se Prosecutor, who works at the Mafia Monthly, a firm dedicated to Answer Federal Questions of the United States Code;

Bachelor's Degree in Physics, Minor in Mathematics at Grambling State University & Graduate School at Rensselaer Polytechnic Institute for Engineering Physics & Experimental Research in Nuclear Physics;

Worked at Los Angeles County as a Engineer in Mapping Services for the Assessor; until securing a LA County Consulting position sourcing Security Services; until I started the Sole Proprietorship 'Mafia Monthly' (federalarrestwarrant.com) doing the same thing for the Civilian Complaint Center; Together with being Director Of Security for the Royalist Party; (www.Royalist-Party.org);

The Social Security Administration provides Disability Insurance (SSDI) for " Schizophrenia " & I Declare I was not Granted special Accommodation by the Irvine Company et al. to review the Addendum to the Lease Agreement;

And I submit this Declaration in Support of that this document: (1) is not being presented for any improper purpose; (2) the claims, defenses and legal contentions are not frivolous; (3) the factual contentions have evidentiary support or will after discovery; and (4) denials of factual contentions are warranted on the evidence;

Attached hereto Is a true and correct copy of MOTION FOR RECONSIDERATION;

09/08/23



## Social Security Administration
## Benefit Verification Letter

Date: November 2, 2022
BNC#: 22SP112F53552
REF: DI

SEAN PATRICK PATTERSON
P O BOX 2006
CYPRESS CA 90630-1506

NORWALK, CALIFORNIA

NOV 0 2 2022

SSA FO 562

You asked us for information from your record. The information that you requested is shown below. If you want anyone else to have this information, you may send them this letter.

### Information About Supplemental Security Income Payments

Beginning November 2022, the current Supplemental Security Income payment is $1,147.20.

This payment amount may change from month to month if income or living situation changes.

Supplemental Security Income Payments are paid the month they are due.

(For example, Supplemental Security Income Payments for March are paid in March.)

We found that you became disabled under our rules on July 11, 2013.

### Type of Supplemental Security Income Payment Information

You are entitled to monthly payments as a disabled individual.

### Date of Birth Information

The date of birth shown on our records is May 21, 1978.

### Other Important Information

OUR RECORDS SHOW THAT YOUR SSN IS 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. YOUR NAME AND DATE OF BIRTH MATCH OUR RECORDS.

### Suspect Social Security Fraud?

Please visit http://oig.ssa.gov/r or call the Inspector General's Fraud Hotline at 1-800-269-0271 (TTY 1-866-501-2101).

See Next Page

From: Mafia Monthly SP.Patterson@gmail.com
Subject: Re: Case 8:21-cv-00810-DOC-DFM
Date: Sep 10, 2023 at 1:47:39 PM
To: Steve Bolanos sbolanos@wallacelaw.com
Cc: Frank Coughlin fcoughlin@wallacelaw.com, Sam Sandoval ssandoval@wallacelaw.com

Meet & Confer;

Due to the Dkt. 85 ( B. Plaintiff's Claim for Unreasonable Seizure of Mafia Monthly's Property) 3 (In the Court's first order dismissing Plaintiff's Section 1983 claims, the Court instructed Plaintiff to plead additional facts indicating how Defendants conspired with California's Department of Fair Employment and Housing ("DFEH") if he wished to bring claims under Section 1983.) First Order at 4. Plaintiff's FAC contains no facts plausibly alleging that Defendants conspired with 3 Though Plaintiff's complaint does not so specify, the Court assumes that Plaintiff is alleging a violation of his Fourth Amendment rights under 42 U.S.C. § 1983.);

The Plaintiff filed Dkt. 66; with a Verbatim & ~. Response detailing Conspiracy, that was filed together with a Motion to Reconsider under the Prosecutors Declaration of Penalty of Perjury; Dkt. 66 Ln 18-24 details the use of a negligence Conspiracy in § 1983;,

the Plaintiffs intentions are to Motion to Adjudicate the Negligence Conspiracy claim, 42 U.S. Code § 1983;  James Cortes (DFEH) & Tam Vu et al., Actions violated the Plaintiffs Federal Rights;

The facial & factual challenge confirms Subject Matter Jurisdiction & justifies the Motion; curing the Plaintiff's FAC, containing no facts plausibly alleging that Defendants conspired with DFEH;

Justice

Sent from my iPhone

> On Sep 8, 2023, at 9:23 AM, Mafia Monthly <SP.Patterson@gmail.com> wrote:
>
> Wallace Law;
>
> The Court Purports
>
> B. Plaintiff's Claim for Unreasonable Seizure of Mafia Monthly's Property"
>
> "Because the Court already gave Plaintiff one opportunity to re-plead his Section 1983 claim, the Court concludes that further amendment of this claim would be futile.
> Accordingly, Plaintiff's claim for unreasonable seizure of Mafia Monthly's property is DISMISSED WITH PREJUDICE."
>
> ~. Unwarranted & Prejudice dismissal;
>
>
> <Motion To Reconsider- Signed .pdf>
> <Motion for Reconsideration - SMJ.pdf>
> <State ID.HEIC>
> <Social Security Administration .HEIC>
>
> <Prosecutors Declaration - ADA.pdf>

Justice

Sent from my iPhone

On Sep 7, 2023, at 1:03 PM, Mafia Monthly <SP.Patterson@gmail.com> wrote:

Wallace Law;

Punitive Damages highlight the Motion to Adjudicate claims & intends to make any potential trial about damages alone;

<Initial Disclosures Pg 1,2.pdf>
<Initial Disclosures Pg.3.pdf>

Justice

Sent from my iPhone